# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SCOTT A. METCALF,**
       **Plaintiff,**

    v.                                          Case No. 10-C-0615

**RICK RAEMISCH, Secretary of**
**Wisconsin Department of Corrections,**
**RUTH DONALDS, Field Supervisor of**
**Wisconsin Department of Corrections,**
**SARAH THIERMANN, Agent of Wisconsin**
**Department of Corrections**
       **Defendants.**

---

## DECISION AND ORDER

Plaintiff Scott A. Metcalf, who is currently serving a term of probation in connection with his Wisconsin sexual-assault convictions, brings this action under 42 U.S.C. § 1983 against his probation agent, Sarah Thiermann, her field supervisor, Ruth Donalds, and the Secretary of the Wisconsin Department of Corrections, Rick Raemisch. Defendants have moved to dismiss the complaint for failure to state a claim on which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff is proceeding in forma pauperis and requests that the court recruit counsel to represent him pursuant to 28 U.S.C. § 1915(e)(1).

The complaint, liberally construed, alleges the following facts. Metcalf was convicted in Wisconsin state court of sexual assault and served a ten-year period of initial confinement. On December 21, 2009, he was released into the custody of his probation agent, Thiermann, and another probation agent who is not named as a defendant, Kathy Garza. These agents transported Metcalf to their offices in Kenosha, Wisconsin. By the

end of the day, the agents had decided that Metcalf would not be able to find appropriate housing in Kenosha due to Kenosha's sex-offender ordinance. They then handcuffed Metcalf, brought him to the Kenosha County Jail, and placed a "probation and parole hold" on him. (Compl. at p. 3, ¶¶ 1-2.) Plaintiff remained in the custody of the Kenosha County Jail until April 9, 2010, when plaintiff was released and allowed to move to Omaha, Nebraska to live with his mother. Plaintiff complains about a number of hardships that he endured while he was detained at the Kenosha County Jail, including being transported in cold weather without adequate winter clothing, being forced to wear his jail uniform in public places (which caused embarrassment and humiliation), and having his sleep disrupted by loud fellow inmates.

Defendants argue that the complaint should be dismissed for four reasons. First, they argue that the complaint does not adequately allege that any of them was personally involved in the alleged acts of wrongdoing. However, the complaint, liberally construed, alleges that defendant Thiermann was one of the persons who handcuffed plaintiff and decided to detain him at the Kenosha County Jail, and thus she cannot be dismissed on the basis of lack of personal involvement. Nonetheless, the complaint does not indicate that either Donalds or Raemisch participated in any wrongdoing, and therefore they will be dismissed.

Defendants' second argument is that Thiermann is absolutely immune from suit based on her decision to detain plaintiff. They analogize the decision to detain plaintiff to the decision to issue an arrest warrant against a parolee, a decision that gives rise to absolute immunity. See Copus v. City of Edgerton, 151 F.3d 646, 649-50 (7th Cir. 1998) ("A parole officer enjoys absolute immunity for issuing an arrest warrant against a parolee

2

so long as she does not participate in gathering the evidence forming the basis of the warrant."). However, according to the complaint, Thiermann did not issue an arrest warrant against plaintiff; instead, she actually arrested plaintiff and then put a "probation and parole hold" on him. This conduct is more analogous to a police officer making a warrantless arrest (an act that does not trigger absolute immunity) than to a judicial officer issuing an arrest warrant (an act that does). Depending on what actually happened, then, Thiermann may not be entitled to absolute immunity. And because absolute immunity is an affirmative defense that a plaintiff is not required to plead around, see Tully v. Barada, 599 F.3d 591, 594 (7th Cir. 2010), I cannot resolve this issue at the present time.

Defendants' third argument is that plaintiff has failed to state a claim based on the decision to detain him because he had no liberty interest in not being detained. However, it is not clear to me that plaintiff's claim is properly characterized as a procedural due process claim. (To be sure, plaintiff himself characterizes his claim that way, but he is proceeding pro se and it is obvious that he does not understand the legal principles that apply to his claim.) Plaintiff's claim is that Thiermann's decision to handcuff and detain him was unlawful because it was based on his inability to obtain proper housing in Kenosha. Plaintiff seems to allege that his inability to obtain housing in Kenosha was not a valid reason for detaining him. Defendants contend that this was a proper reason to detain plaintiff because a condition of plaintiff's probation was that he obtain proper housing. However, plaintiff has not pleaded either that any condition of his probation required him to obtain housing in Kenosha or that he could not locate appropriate housing outside of Kenosha. Further, defendants have not explained why plaintiff's failure to find housing in

3

Kenosha resulted in his being jailed for almost four months.[1]  Thus, the complaint could be reasonably construed as stating a claim under the Fourth Amendment for an unreasonable seizure.  Alternatively, plaintiff may be alleging that he was jailed arbitrarily in violation of the Equal Protection Clause of the Fourteenth Amendment.

One thing is certain, though, and that is that it's difficult to delineate plaintiff's claim with precision.  Although I would normally allow plaintiff an opportunity to file an amended complaint clarifying his claims, plaintiff lacks the expertise needed to research his claims and file an appropriate amended pleading.  Further, it may be the case that plaintiff has no viable claims against Thiermann or other probation agents.  For this reason, I find that it is in the interest of justice to recruit a lawyer to represent plaintiff pro bono.  See Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).  This attorney's first order of business should be to determine whether or not plaintiff has any viable claims and, if so, to identify the proper defendants and file an appropriate amended complaint against them.  If the attorney determines that plaintiff can assert no non-frivolous claims in connection with the events described in his original complaint, yet plaintiff insists on proceeding with this suit, then the attorney may move to withdraw.

Because plaintiff has not yet stated any viable claims, I conclude that it would be premature to consider defendants' fourth argument in support of dismissing the complaint

---

[1] I note that to the extent plaintiff challenges his extended detention his claim may be foreclosed by the line of cases based on Heck v. Humphrey, 512 U.S. 477 (1994), which holds that a challenge to confinement pursuant to legal process is not cognizable under § 1983 unless the underlying legal process has already been invalidated by other means.  See Antonelli v. Foster, 104 F.3d 899, 900-01 (7th Cir. 1997) (holding that Heck bars a § 1983 action that, if successful, would necessarily imply the invalidity of a probation arrest warrant).  However, at this stage, it is not clear whether plaintiff's claim is Heck-barred.

– qualified immunity. If plaintiff amends his complaint, the defendants named in that complaint will be permitted to assert qualified immunity or any other defense that may apply.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to appoint counsel is **GRANTED**. A separate order identifying the specific attorney who has agreed to represent plaintiff will follow. The parties are advised that it may take the court several weeks to find an attorney willing to accept this case.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as defendants Donald and Raemisch are dismissed. In all other respects, the motion is denied.

Dated at Milwaukee, Wisconsin this 16th day of December, 2010.

/s_____
LYNN ADELMAN
District Judge